DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

RENEE HILL, as Personal Representative of the Estate of
SHARON BRONOWICZ, Deceased,
Appellant/Cross-Appellee,

v.

NEW HORIZONS OF THE TREASURE COAST, INC.,
Appellee/Cross-Appellant.

No. 4D12-4309

[November 5, 2014]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Dwight L. Geiger, Judge; L.T. Case No. 562010CA03775.

Guy Bennett Rubin and Gladys C. Laforge of Rubin & Rubin, Stuart, and Michael J. Korn of Korn & Zehmer, P.A., Jacksonville, for appellant/cross appellee.

Addison J. Meyers of Mintzer, Sarowitz, Zeris, Ledva & Meyers, Miami, and Kimberly L. Boldt of Boldt Law Firm, Boca Raton, for appellee/cross appellant.

PER CURIAM.

On the plaintiff's appeal, we affirm the trial court's order granting the defendant's motion for new trial. *See, e.g.*, *Intramed, Inc. v. Guider*, 93 So. 3d 503, 507 (Fla. 4th DCA 2012) ("The closing argument shifted the focus of the case from compensating the plaintiff to punishing the defendant. . . . The purpose of damages here was to compensate, not to make the defendant care, 'take responsibility,' or say it was sorry. Counsel's arguments improperly suggested that the defendant should be punished for contesting damages at trial and that its defense of the claim in court was improper. The closing argument was designed to inflame the emotions of the jury rather than prompt a logical analysis of the evidence in light of the applicable law.") (internal citations and quotation marks omitted).

On the defendant's cross-appeal, we affirm without discussion the trial court's order denying the defendant's motion for directed verdict. We also

affirm without discussion the trial court's orders admitting the evidence which became the subject of the defendant's motion for directed verdict.

Because we affirm the trial court's order granting the defendant's motion for new trial, we do not review in this appeal the trial court's orders granting the defendant's motion for partial summary judgment, denying the plaintiff's motion for partial summary judgment, and granting the defendant's motion for remittitur. All of those orders reflect the trial court's determination that the non-economic damages cap contained in section 394.9085(1)(b), Florida Statutes (2010), applied to all three counts which the plaintiff pled in this case. As the parties properly conceded at oral argument, our review of that determination will not become ripe unless the plaintiff, at the new trial, obtains a jury verdict which exceeds the non-economic damages cap contained in section 394.9085(1)(b).

*Affirmed in part and remanded for new trial.*

GERBER, LEVINE and KLINGENSMITH, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**